Day, J.
The action, in the common pleas court was by plaintiffs against Jno. D. Douglass and the sureties on his bond as Justice of the Peace, to recover $50.00 which it is alleged came into his hands in his official capacity, and which he omits to pay over to the party entitled, thus making breach of the conditions of his bond, so that the sureties thereon have become liable. The petition in the case recites the facts of the election of Douglass as Justice, his qualification by the giving of a proper bond, with sureties, and the condition that the said Jno D. Douglass “shall well and truly pay over, according to law, all moneys which may come in his hands by virtue of his commission, etc. Alleges a breach *360 of this condition in omitting to pay over $50.00 which, it is said, he received from plaintiffs in virtue of his office, under circumstances stated substantially as follows: That one Joseph Morris commenced an action in attachment against the plaintiffs before Douglass, a Justice of the Peace, which action was pending; that plaintiffs appeared before the Justice and offered to give an undertaking for the discharge of the attachment, and was advised by the Justice that he could not accept such bond from plaintiffs for such purpose, refused to accept any such bond, and represented to plaintiffs that the only way said attachment cold be discharged, was by plaintiffs depositing money in the sum of $50.00 with the Justice; and thereupon plaintiffs did pay over to and deposit with said Justice $50.00 to release and discharge said attachment, and as security for any judgment said Morris might recover against them. Repayment of this $50.00 was afterwards demanded by the plaintiffs, but the said Justice refused and omitted to make re-payment, whereby it is claimed a right of action has accrued to the plaintiffs against the sureties on his official bond.
The court of common pleas sustained a general demurrer to this'petition, dismissed the action and entered judgment for costs against the plaintiffs. This action of the court below is complained of, and this court is asked to reverse the judgmefit" because of errors said to be apparent in the record.
A single question is presented by this record: Do the facts stated in the petition constitute a cause of action in favor of the plaintiffs a'lid against the defendants as sureties on the official bond of the Justice? . •
Sureties oh an official bond may stand on the'strict letter of their obligation, and their liability cannot be increased by 'implication'' or construction. They are not liable -and cannot be called upon to respond unless it is so nominated *361 in the bond. The strict letter — the clear statement of their obligation in this instance, is that the justice shall pay over, according to law, all money received by him in virtue' of his office; and the precise question we have is, was the' $50.00 received by Douglass by virtue of his commission' as Justice of the Peace: Was it paid and received by him' by authority of law? If so, the sureties are liable, for that is the strict letter of their obligation. If not, it would' seem to follow, logically, that they cannot properly be held’ liable, for their undertaking is not that their principal shall pay over all money received by him on any account, from any source, but only such money as is received by him in virtue of his commission — money legitimately and lawfully received by him in his official capacity.
It seems there is no statutory provision .authorizing the discharge of an attachment m a Justice's court by the payment or deposit of money with the justice. Sections 6513 and 6522, of the Revised Statutes provide the only two methods by which, in such court, an attachment can be discharged. Section ,6513 provides for said discharge by the giving of a proper undertaking with sureties, and 6522 by motion to the court, based on proper grounds and supported, if necessary, by evidence; but nowhere is it provided that a discharge may be had by the-deposit of money
When the Justice advised plaintiffs they .could obtain a discharge of the attachment against the property by the-deposit of money and they paid him 'the $50.00 for that purpose, they were allowing themselves .to be deceived and’ misled, and the Justice was-subjecting himself to the-charge of obtaining their money tinder false pretense. ' In the circumstances appearing, .the‘Justice was receiving’into' his hands the $50¿Q0-, -not in-virtue, of .his commission,tas the-'condition of'his-bund'-is — not'-hy ibei''pr'oVi'sibnS of law'; but in' violation "of 1 áwj*'and'by ’íálsé i'eprés.enfatibhs. of the provisions of law. In such case there is no breach of the con- *362 d'ition of the bond requiring the payment over, by the Justice,of all moneys coming into his hands “by virtue of his commission,” and it follows the sureties on the bond are not liable.
Becker, Bryan & Hutchinson, for Plaintiffs in Error.
Prophet & Eastman, for Defendants in Error.
We are of opinion the demurrer was properly sustained, and the judgment is affirmed, with costs.